UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Brittany Hackworth )<br>    Plaintiff, )<br> )<br> )<br>v. )<br> )<br>Transworld Systems Inc. )<br>    Defendant, )<br> )<br> ) | Case No. 3:25-cv-771<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I. INTRODUCTION

1. Plaintiff Brittany Hackworth brings this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., for unlawful, deceptive, and misleading conduct by Defendant in connection with the collection of an alleged consumer debt.

2. Plaintiff alleges that Defendant furnished information which they knew to be false, in violation of 15 U.S.C. § 1692e(8).

### II. JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District, and Defendant regularly conducts business here.

## III. PARTIES

5. Plaintiff Brittany Hackworth is a natural person residing in Charlotte, North Carolina, participating in the industry of credit and commerce, and is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. Defendant, Transworld Systems Inc. is a business with a North Carolina Registered Agent, Corporation Service Company, address 2626 Glenwood Ave Ste 550 Raleigh, NC 27608.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and is engaged in the business of collecting consumer debts, generally purchased from or serviced for other institutions.

## IV. FACTS OF THE COMPLAINT

8. Defendant was retained to collect an alleged consumer debt from Plaintiff that was incurred primarily for personal, family, or household purposes and originally owed to TEN 05 WEST TRADE.

9. This account was purportedly assigned to Defendant on February 09, 2023.

10. In October, 2024, Plaintiff reviewed her credit report and noticed a collection account being furnished by Defendant.

11. The comments section of this account read "placed for collection" or "collection account" on all of the platforms she checked.

12. In the following months, Plaintiff experienced financial hardship and informed the Defendant in writing that she was unable to pay this debt. She did not dispute the validity of the debt.

13. This "unable to pay" letter was sent USPS certified mail with the tracking #92071902358909000031000981. Defendant received this letter on March 10, 2025 at their Wilmington Delaware location.

14. Plaintiff checked her credit report in May 2025. She noticed that the notations under the account had been updated to "account information disputed by consumer". This notation was wholly inaccurate and a violation of 15 U.S.C. § 1692e(8).

15. On or about May 29, 2025, Plaintiff sent another certified letter via USPS tracking #79589071052702417322796, to inform Defendant that the dispute comment on her credit report was not accurate, and requested it to be removed.

16. Defendant received this letter on June 04, 10:25 at 1:38 PM, at the Wilmington, Delaware location.

17. On or about September 01, 2025, Plaintiff checked her certified credit report via annualcreditreport.com, to see if the Defendant removed the inaccurate dispute notation from her credit report.

18. Despite receiving Plaintiff's written notice, Defendant continued to report the tradeline with a dispute notation as of the credit reporting update on August 26, 2025.

19. 15 U.S.C. § 1692e is intended to prevent false and misleading representation in connection with the collection of any debt.

20. Defendant furnished credit information which Plaintiff had previously informed them was not accurate.

## V. FIRST CLAIM FOR RELIEF

### *Violations of 15 U.S.C. § 1692e(8) – False or misleading representations*

21. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

22. Defendant violated 15 U.S.C. § 1692e(8) by communicating false credit information, specifically by continuing to report a dispute notation after knowing or having reason to know that the furnished information they were furnishing, was in fact false.

23. Defendant's conduct was false, deceptive, and misleading in connection with the collection of a debt.

24. As a direct result, Plaintiff suffered actual damages and is entitled to statutory damages, attorney's fees, and costs under 15 U.S.C. § 1692k.

## VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

- Judgment for violations of the FDCPA;
- Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and
- Such other and further relief as the Court may deem just and proper.

Respectfully submitted on October 8, 2025, by:

_____
Marcel A. McCrea, Esq.
Phillips and McCrea, PLLC
PO Box 30453
Charlotte, NC 28230
T.: 980.225.9072
F: 980.225.9080
E: marcel@lawpm.com
COUNSEL FOR PLAINTIFF